**HURST et al. v. VARNER et al.**

No. 3661.

Court of Civil Appeals of Texas. Beaumont.

June 27, 1940.

Russell & Edwards, of Nacogdoches, for appellants.

R. A. McAlister and S. M. Adams, both of Nacogdoches, for appellees.

O'QUINN, Justice.

This suit was brought in the district court of Nacogdoches County, Texas, by appellants, Guy H. Hurst and W. M. Russell, against Jack Varner, County Judge, and H. D. Ard, County Clerk, of said county, and Matt Coats, George B. Whitaker, J. G. Williamson, and Orange Lowery, County Commissioners of Precincts Nos. 1, 2, 3, and 4, respectively of said county, seeking a writ of mandamus against said defendants, requiring them, as constituent members of the Commissioners' Court of said county, to issue to each of the plaintiffs a warrant against Nacogdoches County in the sum of $200 in payment of claimed "back salary" due them as county commissioners of said county for the year 1938.

The defendants answered by general demurrer, general denial and several special defenses which need not be stated.

The case was tried to a jury, but at the close of the evidence the court instructed a verdict for the defendants which was duly returned, and judgment accordingly entered.

Article 2350, R.C.S., Vernon's Ann.Civ. St. art. 2350, reads:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half, and not exceeding three-fourths, out of the Road and Bridge Fund and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

| Assessed Valuations | Salaries to be paid each Commissioner |
|---|---|
| $6,000,001 and less than $10,000,000 not to exceed..... | $1400.00 |
| $10,000,001 and less than $13,000,000 not to exceed..... | $1600.00 |
| $13,000,001 and less than $20,000,000 not to exceed..... | $1800.00." |
| etc. | |

On January 10, 1938, in obedience to Article 2350(2), Vernon's Ann.Civ.St., the Commissioners' Court of said county duly made and entered upon the minutes of said court its order fixing the salaries of the

Commissioners, as follows: "Commissioners are allowed the statutory amount, same to be paid in 12 monthly installments." After this, each month there was issued to each Commissioner a warrant for his monthly salary in the sum of $133.33. These warrants were accepted and cashed. This would be a salary of $1,600 for the year. On December 30, 1938, the court being in session, the record reflects: "Motion was made by Guy H. Hurst and seconded by W. M. Russell to pay the Commissioners their back salary for the year 1938. Those voting Yes: J. G. Williamson, W. M. Russell and G. H. Hurst. Voting No: G. B. Whitaker and Jack Varner, County Judge." It was alleged and is contended by appellants that the language "back salary for the year 1938" was meant to mean and did mean the sum of $200 for each of the said Commissioners. H. D. Ard, County Clerk, refused to issue warrants for these sums. This suit followed. Appellants contend that the expression in the order fixing the salary of the Commissioners, "Commissioners are allowed the statutory amount" meant the sum of $1,800 for that year as allowed under Article 2350 set out supra. That is that, according to their contention, the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the year 1937, exceeded $13,000,001, in fact was $13,204,200.

The record shows: All of the property subject to taxation listed and assessed by the assessor for 1937 amounted to $12,023,260. The tax rolls were made up, certified and sent to the State Comptroller about the last of October or first of November, 1937. After the rolls reached the Comptroller and State Tax Board, there was an item of $1,180,940 placed on the rolls by the State Tax Board. This represented that amount of intangible tax valuations for Nacogdoches County for the years 1935 and 1936, which had been held up by litigation, and none of said sum represented any valuation for tax purposes for the year 1937. With this intangible item added to the rolls certified by the Commissioners Court for 1937, the amount then showed to be $13,204,200. Appellants contend that the inclusion of the intangible item for the years 1935 and 1936 was proper and should be considered in arriving at the salary of the Commissioners for the year 1938. Appellees contend that said intangible item was no part of the

assessed property valuations for the year 1937, was not certified on the rolls, nor included thereon when reported to the Comptroller and State Tax Board, and so should not be considered in fixing the salary of the county commissioners for that year. If this item could properly be considered as a part of the assessed valuation of taxable property in Nacogdoches county for the year 1937, then, if the meaning of the order fixing the salary of the commissioners for the year 1938 was to allow them $1,800 for that year, appellants' contention would have support, but if said intangible item did not represent any assessed property in said county for 1937, or was not properly included as part of the property assessment for 1937, then the salary of $1,600, as evidenced by the warrants issued monthly to the commissioners and accepted by them, as contended by appellees, was correct.

Article 7113, R.C.S., provides that the State Tax Board shall on June 20th of each year make a final valuation and apportionment of the intangible taxes assessed against the persons, corporations and associations subject to said tax, and shall as soon as practicable after said June 20th certify to the tax assessor of each county to which any portion of such intangible assets was found to be apportionable; and that the tax assessor of such county shall place such intangible tax assessment on his tax rolls. It is obvious, we think, that considering the two statutes, Articles 2350 and 7113, together, that in fixing the salaries of the county commissioners for the year property assessed for the preceding year properly on such tax rolls as assessed for that year only must be considered, and not property assessed for other preceding years. The intangible tax item was not certified to the county assessor by the State Tax Board as property to be taxed by Nacogdoches County for the year 1937, neither was it, or any part of it, property values to be taxed for the year 1937, but was admittedly valuation of property to be taxed for the years 1935 and 1936, which had been held up from being placed on the tax rolls by litigation. Under the statutes mentioned it is inconceivable that portions of tax valuations of property to be assessed for several years may be added together, as here, and salaries of the officials in question be fixed by considering the assessments in lump sum.

We have concluded that appellees' contention must be sustained; therefore the judgment is affirmed.