

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

October 26, 1948

Hon. F. B. Caudle
County Attorney
Franklin County
Mount Vernon, Texas

Opinion No. V-706

Re: Legality of increas-
ing the salary of Coun-
ty Commissioners of
Franklin County to the
sum of $2,000.00 per
annum.

Dear Sir:

You have requested this office for an opinion relating to the legality of increasing the salary of the County Commissioners of Franklin County.

Franklin County, according to the 1947 tax rolls, has an assessed valuation of $8,249,250. According to the facts submitted by you the tax rolls for 1948 recently certified by the County Assessor and approved by the Commissioners' Court is $9,100,000. Your question is whether the County Commissioners are now entitled to a salary not to exceed $2,000 or whether this increase shall begin January 1, 1949.

Article 2350, V. C. S., provides, in part, as follows:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly instalments, at least one-half ($\frac{1}{2}$), and not exceeding three-fourths (3/4), out of the Road and Bridge Fund, and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows: . . .

"$6,000,001 and less than 9,000,000 not to exceed $1,800.00
"$9,000,001 and less than 10,000,000 not to exceed $2,000.00."  (Emphasis added)

In the case of Hurst v. Varner, 142 S.W.(2d) 396, the court was construing Article 2350 prior to the 1945 amendment, which amendment changed only the amount of salary and not the basis for payment. It was held that in fixing the salaries of the County Commissioners for the year, property assessed for the preceding year properly on the tax rolls and assessed for that year only can be considered. Therefore, the salary of the County Commissioners for the year 1948 is based on the assessed valuation for the year 1947, and the salaries of the County Commissioners for the year 1949 will be based on the assessed valuation for the year 1948.

You are, therefore, advised that the County Commissioners may not have their salary increased to $2,000 until January 1, 1949.

## SUMMARY

The salary of the County Commissioners of Franklin County for 1948 is based on the assessed valuation of property on the tax rolls for 1947 and cannot exceed the sum of $1800.00. They may receive $2,000 per annum in 1949, said salary being based on the assessed valuation of property on the tax rolls for 1948. Art. 2350, V. C. S.; Hurst v. Varner, 142 S.W. (2d) 396.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *John Reeves*

    John Reeves
    Assistant

JR:mw